**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 31, 2024

John L. Reed
Peter H. Kyle
Daniel P. Klusman
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801

Scott James Leonhardt
THE ROSNER LAW GROUP LLC
824 North Market Street, Suite 810
Wilmington, DE 19801

Re: *Martin Floreani et al. v. FloSports, Inc.,*
C.A. No. 2023-0684-LM

Dear Counsel:

This letter resolves exceptions filed to Magistrate Judge Loren Mitchell's Final Post-Trial Report (the "Final Report") dated April 9, 2024, and the Addendum dated April 25, 2024.[1] As Magistrate Mitchell incisively noted, this books-and-records action has proved a vehicle for a contentious family dispute, and has been rendered unnecessarily complicated as a result. In the end, the determinative legal issues are quite straightforward. Plaintiffs Martin, Christina, and Charlene Floreani (collectively, "Plaintiffs") served three demands for inspection.[2] Defendant FloSports,

---

[1] *Floreani v. FloSports, Inc.*, 2024 WL 1520182 (Del. Ch. Apr. 9, 2024); *see also* C.A. No. 2023-0684-LM, Docket ("Dkt.") 59 ("Final Report") and Dkt. 63 ("Addendum"). The court has reviewed the trial exhibits, the trial transcript (Dkt. 58), stipulations of fact in the Pre-Trial Stipulation and Order (Dkt. 45), and the parties' respective briefs filed throughout this litigation. The court also held argument on the exceptions.

[2] JX-12 (first demand); JX-20 (second demand); JX-28 (third demand).

Inc. argues that none of Plaintiffs' three demands comply with the requirements of

Section 220 of the Delaware General Corporation Law.[3] FloSports is correct.

The first and second demands do not meet the form-and-manner requirements

of Section 220(b), which states:

> Any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose, and to make copies and extracts from:
>
> (1) The corporation's stock ledger, a list of its stockholders, and its other books and records; and
>
> (2) A subsidiary's books and records, to the extent that [restrictions on inspection of a subsidiary's books and record omitted] . . .
>
> In every instance where the stockholder is other than a record holder of stock in a stock corporation, or a member of a nonstock corporation, the demand under oath shall state the person's status as a stockholder, be accompanied by documentary evidence of beneficial ownership of the stock, and state that such documentary evidence is a true and correct copy of what it purports to be. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand under oath shall be accompanied by a power of attorney or such other writing

---

[3] During oral argument on the exceptions, FloSports argued that the court need not resolve the issue of Plaintiffs' technical compliance with Section 220. *See* Dkt. 79, 7/29/24 Oral Arg. Tr. at 44–47. That is because FloSports's lead argument was that it mooted all pending issues through a supplemental production. Dkt. 73, Def.'s Reply Br. on Exceptions at 9–12. In the alternative, FloSports advanced six other arguments. *See Id.* at 21–24; Dkt. 69, Def.'s Opening Br. on Exceptions at 15–24. Because the court cannot determine on the current record whether FloSports's production in fact mooted Plaintiffs' demands for inspection, this decision resolves the exceptions by addressing FloSports's primary alternative argument.

which authorizes the attorney or other agent to so act on behalf of the stockholder. The demand under oath shall be directed to the corporation at its registered office in this State or at its principal place of business.[4]

Breaking it down, Section 220(b) requires that a demand: (1) be in writing, (2) be under oath, (3) state the stockholder's purpose, and (4) be directed to the corporation at its registered agent or principal place of business. (5) If the stockholder is not a record holder, then the demand must be accompanied by documentary evidence of beneficial ownership of the stock. (6) If the demand is sent by an attorney, then it must be accompanied by a power of attorney. That's four form-and-manner requirements that apply in all circumstances and two that apply in certain circumstances. The form-and-manner requirements are not onerous, but they are strictly enforced.[5]

The first demand is clearly deficient under Section 220(b). It was sent by counsel but not accompanied by a power of attorney. It was not made under oath. It did not identify the stockholders on whose behalf it was sent, which is an implied condition of the fifth and sixth form-and-manner requirements.

---

[4] 8 *Del. C.* § 220(b).

[5] *See, e.g., Central Laborers Pension Fund v. News Corp.*, 45 A.3d 139, 146 (Del. 2012); *Barnes v. Telestone Techs. Corp.*, 2013 WL 3480270, at *2 (Del. Ch. July 10, 2013); *Smith v. Horizon Lines, Inc.*, 2009 WL 2913887, at *2 (Del. Ch. Aug. 31, 2009); *Martinez v. GPB Cap. Hldgs, LLC*, 2020 WL 3054001, at *7 (Del. Ch. June 9, 2020); *Amalgamated Bank v. Yahoo! Inc.*, 132 A.3d 752, 775 (Del. Ch. 2016), *rev'd in part on other grounds by Tiger v. Boast Apparel Inc.*, 214 A.3d 933, 939 (Del. 2019); *Mattes v. Checkers Drive-In Restaurants, Inc.*, 2000 WL 1800126, at *1 (Del. Ch. Nov. 15, 2000).

The second demand too fails because counsel for Plaintiffs signed the oath instead of Plaintiffs. Section 220 does not expressly state that the stockholder must sign the oath, but the manifest purpose of the oath is to ensure the truthfulness of the contents of the demand, including the stockholders' purposes. In this way, the oath requirement under Section 220 operates like the verification requirement for complaints.[6] And as with a verification, the real client and not counsel must execute the oath.

The third demand fails under Section 220(c), which states that a stockholder must wait "five business days after the demand has been made," or sooner if the corporation has refused the demand, to apply to the court or an order compelling inspection.[7] Like the form-and-manner requirements, Delaware courts construe the five-day period strictly.[8] Plaintiffs violated that requirement by petitioning the court—through the motion to amend—to enforce the third demand before the statutory five-day window closed.

FloSports raises a host of other arguments on exceptions, but the court need not reach them nor Plaintiffs' request for attorney's fees.

---

[6] *Bessenyei v. Vermillion, Inc.*, 2012 WL 5830214, *8 (Del. Ch. Nov. 16, 2012), *aff'd* 67 A.3d 1022 (Del. 2013) (TABLE) (describing the verification as "an effort to assure truthfulness" and stating that a failure to comply with the requirement "is not a mere technicality").

[7] 8 *Del. C.* § 220(c).

[8] *Katz v. Vionsense Corp.*, 2018 WL 3953765, at *1 (Del. Ch. Aug. 16, 2018) (citing cases); *see also MaD Investor GRMD, LLC v. GR Cos., Inc.*, 2020 WL 6306028, at *2–5 (Del. Ch. Oct. 28, 2020).

For the foregoing reasons, FloSports's exceptions to the Magistrate's Final Report are granted. But FloSports is not entitled to its attorney's fees under any bad faith exception. Judgment is entered for FloSports.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)